IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SYNKLOUD TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Microsoft Corporation ("Microsoft") hereby alleges for its complaint against SynKloud Technologies, LLC ("SynKloud") on personal knowledge as to its own activities and on information and belief as to the activities of others as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Microsoft seeks relief because Defendant SynKloud has made clear through its actions that it intends to assert at least one claim of United States Patent Nos. 9,098,526 ("the '526 Patent"), 10,015,254 ("the '254 Patent"), 8,606,880 ("the '6880 Patent"), 8,856,195 ("the '195 Patent"), 8,868,690 ("the '690 Patent"), 9,219,780 ("the '780 Patent"), 9,239,686 ("the '686 Patent"), 7,870,225 ("the '225 Patent"), 7,792,923 ("the '923 Patent"), 7,849,153 ("the '153 Patent") and 7,457,880 ("the '7880 Patent") (collectively, "the Patents-in-Suit") against Microsoft's products and services.

2. Microsoft has not infringed, and is not infringing, any claims of the Patents-in-Suit. Microsoft thus seeks a declaratory judgment that, through its actions or through the normal, advertised and expected use of its products, services or technology, it has not infringed,

induced others to infringe, or contributed to the infringement by others of any claim of the Patents-in-Suit.

3. This relief is appropriate because Defendant SynKloud has alleged in this district that HP Inc. ("HP"), one of Microsoft's original equipment manufacturers ("OEMs"), infringes the '225, '526 and '254 Patents in part because of HP's inclusion of Microsoft's OneDrive cloud storage software ("OneDrive") in the accused HP products.  SynKloud's Amended Complaint against HP further identifies that: (1) the '225 Patent is related to the '923 Patent; (2) the '526 Patent is related to the '690 and '6880 Patents; and (3) the '254 Patent is related to the '686 and '6880 Patents.  *SynKloud Techs., LLC v. HP Inc.*, 1:19-cv-1360-RGA, D.I. 15 at 3, 8 and 12 (D. Del. Nov. 12, 2019).  Further, SynKloud has launched a litigation campaign based on the Patents-in-Suit, including filing suit against a number of Microsoft competitors in the cloud storage industry alleging that they also infringe certain Patents-in-Suit on their counterpart cloud storage technology.  In its other lawsuits, SynKloud has asserted one or more of the Patents-in-Suit selectively while making the same or substantially similar allegations regarding the allegedly infringing conduct.

4. These activities by SynKloud, including SynKloud's claims and references to Microsoft software, have placed a cloud over Microsoft and its products and have created a substantial, definite, concrete and immediate justiciable controversy between Microsoft and SynKloud over whether Microsoft's software and services infringe any of the Patents-in-Suit.

## PARTIES

5. Plaintiff Microsoft is a Washington state corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

6. On information and belief, Defendant SynKloud is a limited liability

company organized under the laws of the State of Delaware with its principal place of business at 124 Broadkill Road, Suite 415, Milton, DE 19968.

## JURISDICTION AND VENUE

7. This action arises under the United States patent laws and includes a request for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, and 35 U.S.C. § 1, et seq.

9. SynKloud is subject to personal jurisdiction in this judicial district. SynKloud is a Delaware limited liability company with its primary place of business located within this district, and it has sufficient business or contacts within the State of Delaware to justify jurisdiction under the United States Constitution and the Delaware Long Arm Statute.

10. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

## EXISTENCE OF AN ACTUAL CONTROVERSY

11. Microsoft re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12. An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

13. SynKloud purports to be the current owner of the '526 Patent, entitled "System and Method for Wireless Device Access to External Storage." The '526 Patent has been asserted by SynKloud against HP. A copy of the '526 Patent is attached hereto as Exhibit A.

14. SynKloud purports to be the current owner of the '254 Patent, entitled "System and Method for Wireless Device Access to External Storage." The '254 Patent is in the

same family as the '526 Patent and has been asserted by SynKloud against HP.  A copy of the '254 Patent is attached hereto as Exhibit B.

15. SynKloud purports to be the current owner of the '6880 Patent, entitled "Use of Wireless Devices' External Storage."  The '6880 Patent is in the same family as the '526 and '254 Patents and was identified by SynKloud in its Amended Complaint against HP.  A copy of the '6880 Patent is attached hereto as Exhibit C.

16. SynKloud purports to be the current owner of the '195 Patent, entitled "Method and System for Wireless Device Access to External Storage."  The '195 Patent is in the same family as the '526, '254 and '6880 Patents.  A copy of the '195 Patent is attached hereto as Exhibit D.

17. SynKloud purports to be the current owner of the '690 Patent, entitled "System and Method for Support Wireless Device Access to External Storage."  The '690 Patent is in the same family as the '526, '254, '6880 and '195 Patents and was identified by SynKloud in its Amended Complaint against HP.  A copy of the '690 Patent is attached hereto as Exhibit E.

18. SynKloud purports to be the current owner of the '780 Patent, entitled "Method and System for Wireless Device Access to External Storage."  The '780 Patent is in the same family as the '526, '254, '6880, '195 and '690 Patents.  A copy of the '780 Patent is attached hereto as Exhibit F.

19. SynKloud purports to be the current owner of the '686 Patent, entitled "Method and Apparatus for Wireless Devices Access to External Storage."  The '686 Patent is in the same family as the '526, '254, '6880, '195, '690 and '780 Patents and was identified by SynKloud in its Amended Complaint against HP.  A copy of the '686 Patent is attached hereto as Exhibit G.

20. SynKloud purports to be the current owner of the '225 Patent, entitled "Disk System Adapted to be Directly Attached to network."  A copy of the '225 Patent is attached hereto as Exhibit H.

21. SynKloud purports to be the current owner of the '923 Patent, entitled "Disk System Adapted to be Directly Attached to Network."  The '923 Patent is in the same family as the '225 Patent and was identified by SynKloud in its Amended Complaint against HP.  A copy of the '923 Patent is attached hereto as Exhibit I.

22. SynKloud purports to be the current owner of the '153 Patent, entitled "Method and System for Wireless Device Access to External Storage."  The '153 Patent is in the same family as the '225 and '923 Patents.  A copy of the '153 Patent is attached hereto as Exhibit J.

23. SynKloud purports to be the current owner of the '7880 Patent, entitled "System Using a Single Host to Receive and Redirect All File Access Commands for Shared Data Storage Device From Other Hosts on a Network."  A copy of the '7880 Patent is attached hereto as Exhibit K.

24. Since at least 2007, Microsoft has developed, marketed, used and offered for sale its OneDrive software.  OneDrive allows users to safely and securely store data on a cloud storage service while also allowing users to access that stored data from multiple devices.

25. On July 22, 2019, SynKloud filed an action against HP in the District of Delaware alleging infringement of the '526 and '254 Patents.  *See SynKloud Techs., LLC v. HP Inc.*, No. 1:19-cv-01360-RGA (D. Del.).  On November 12, 2019, SynKloud amended its Complaint to also include allegations regarding the '225 Patent as well as a fourth patent unrelated

to the technology at issue here.  SynKloud's Amended Complaint further identified the '923, '6880, '690 and '686 Patents as being related to the '225, '526 and '254 Patents.

26. In its Amended Complaint against HP, SynKloud included claim charts purporting to support its infringement theories.  These claim charts accuse Microsoft's products, services and technology, including Microsoft OneDrive of infringing the '225, '526 and '254 Patents.  Copies of these claim charts are attached as Exhibits L, M, and N.

27. SynKloud has further initiated a litigation campaign, including against a number of Microsoft competitors accusing cloud storage technology similar to that accused in the HP action as infringing patents with substantially similar claims as those patents asserted against HP.  SynKloud has asserted one or more of the Patents-in-Suit in each case of its litigation campaign.  *See SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00525-ADA (W.D. Tex., Waco Division) (asserting '7880 Patent); *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00526-ADA (W.D. Tex., Waco Division) (asserting '254, '6880, '195, '690, '780 and '686 Patents); *SynKloud Techs., LLC v. Adobe Inc.*, No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division) (asserting '254, '6880, '195, '690, '780 and '686 Patents); and *SynKloud Techs., LLC v. BLU Products, Inc.*, No. 1:19-cv-00553-RGA (D. Del.) (asserting '254, '526 and '780 Patents).

28. These actions, in combination with its public statements, have made clear that SynKloud intends to enforce its patent portfolio broadly and generically against the entire cloud storage industry, and against Microsoft products specifically.  SynKloud claims that it is "a research and Intellectual Property Licensing company . . . focused on providing needed Intellectual Property Solutions for the cloud computing industry and beyond."[1]  SynKloud further alleges that it "offer[s] a beneficial and transparent portfolio license to the [cloud computing] industry under

---

[1] *See* https://www.synkloud.com.

its entire patent portfolio . . . ."  It "offers portfolio licenses to customers, users and industry participants under the entire SynKloud portfolio . . . ."[2]  Each of the Patents-in-Suit is part of this "SynKloud portfolio."[3]  SynKloud also claims that its portfolio is directed to products in every space of cloud storage technology:



29. Neither Microsoft nor any of its products, services or technology infringe or have infringed, directly or indirectly, any claim of the Patents-in-Suit.  However, SynKloud's claims, allegations and statements directed to the cloud storage industry generally and OneDrive specifically have placed a cloud of uncertainty over Microsoft and its products.  This uncertainty has created a substantial, definite, concrete and immediate justiciable controversy between

---

[2] *See* https://www.synkloud.com/licensing.
[3] *See* https://www.synkloud.com/portfolio.

Microsoft and SynKloud regarding the Patents-in-Suit. Regardless of its public assertions to date, SynKloud's actions demonstrate that it intends to assert the '6880, '195, '690, '780, '686, '923, '153 and '7880 Patents against Microsoft, Microsoft products, and/or Microsoft OEMs, as it already has asserted patents selectively from the same families, which contain claims that are substantially similar. Each of the Patents-in-Suit that has not yet been asserted in court against a Microsoft product or customer has claims that are substantially similar to the '526, '254 and '225 Patents asserted against HP. *Compare*, *e.g.*, Exhibit A (the '526 Patent), Claim 1 ("establish a wireless link for the wireless device access to a storage space of a predefined capacity assigned exclusively to a user of the wireless device by a storage server") and Exhibit F (the '780 Patent), claim 1 ("program instructions for establishing a wireless link for remotely access to the storage space, the storage space allocated exclusively by a storage server to a user of the wireless device"); *compare* Exhibit H (the '255 patent), claim 1 ("the virtual host bus adapter controlling the NAD in a way indistinguishable from the way as a physical host bus adapter device controls device so that the host recognizes the NAD as if it is a local device connected directly to the system bus of the host) and Exhibit J (the '153 patent), claim 1 ("the virtual host bus adapter controlling the device in a way indistinguishable from the way it is controlled as a physical host bus adapter device controlling the same type of device so that the host recognizes the device as if it is a local device connected directly to the system bus of the host"); *see also* Exhibits A, B, D-G (claiming priority to Appl. No. 10/726,897 which issued as the '6880 Patent).

30.  Accordingly, SynKloud's statements and actions show that there is a substantial controversy between Microsoft and SynKloud of sufficient immediacy and reality conferring jurisdiction upon this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## COUNT I
## NONINFRINGEMENT OF U.S. PATENT NO. 9,098,526

31. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-30 as if set forth herein in their entirety.

32. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '526 Patent. For example, Microsoft OneDrive does not contain a "storage space of a predefined capacity assigned exclusively to a user of the wireless device by a storage server," which is required by all the claims of the '526 Patent.

33. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '526 Patent.

34. Microsoft seeks a declaration that it does not infringe any claim of the '526 Patent.

## COUNT II
## NONINFRINGEMENT OF U.S. PATENT NO. 10,015,254

35. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-34 as if set forth herein in their entirety.

36. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '254 Patent. For example, Microsoft OneDrive does not "carry out a requested operation for accessing [a] remote storage space in response to a user, through the remote storage space displayed on [a] wireless device, performing [an] operation," which is required by all the claims of the '254 Patent.

9

37. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '254 Patent.

38. Microsoft seeks a declaration that it does not infringe any claim of the '254 Patent.

## COUNT III
## NONINFRINGEMENT OF U.S. PATENT NO. 8,606,880

39. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-38 as if set forth herein in their entirety.

40. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '6880 Patent.  For example, Microsoft's OneDrive does not "allocate[e] via a server a storage space of a predefined capacity for [a] wireless device," which is required by all the claims of the '6880 Patent.

41. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '6880 Patent.

42. Microsoft seeks a declaration that it does not infringe any claim of the '6880 Patent.

## COUNT IV
## NONINFRINGEMENT OF U.S. PATENT NO. 8,856,195

43. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-42 as if set forth herein in their entirety.

44. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '195 Patent.  For example, Microsoft's OneDrive does not

"allocat[e] via a server a storage space of a predefined capacity for [a] wireless device," which is required by all the claims of the '195 Patent.

45. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '195 Patent.

46. Microsoft seeks a declaration that it does not infringe any claim of the '195 Patent.

## COUNT V
## NONINFRINGEMENT OF U.S. PATENT NO. 8,868,690

47. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-46 as if set forth herein in their entirety.

48. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '690 Patent. For example, Microsoft's OneDrive does not "allocate, via [a] storage device, a storage space of a predefined capacity to a wireless device," which is required by all the claims of the '690 Patent.

49. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '690 Patent.

50. Microsoft seeks a declaration that it does not infringe any claim of the '690 Patent.

## COUNT VI
## NONINFRINGEMENT OF U.S. PATENT NO. 9,219,780

51. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-50 as if set forth herein in their entirety.

52. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '780 Patent. For example, Microsoft's OneDrive does not have "storage space allocated exclusively by a storage server to a user of [a] wireless device," which is required by all the claims of the '780 Patent.

53. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '780 Patent.

54. Microsoft seeks a declaration that it does not infringe any claim of the '780 Patent.

## COUNT VII
## NONINFRINGEMENT OF U.S. PATENT NO. 9,239,686

55. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-54 as if set forth herein in their entirety.

56. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '686 Patent. For example, Microsoft's OneDrive does not include "program instructions for allocating exclusively a first . . . storage space to a user of a first wireless device," which is required by all the claims of the '686 Patent.

57. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '686 Patent.

58. Microsoft seeks a declaration that it does not infringe any claim of the '686 Patent.

## COUNT VIII
## NONINFRINGEMENT OF U.S. PATENT NO. 7,870,225

59. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-58 as if set forth herein in their entirety.

60. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '225 Patent. For example, Microsoft's OneDrive does not contain a "virtual host bus adapter controlling [a network-attached device] in a way indistinguishable from the way as a physical host bus adapter device[s] so that the host recognizes the [network-attached device] as if it is a local device connected directly to the system bus of the host," which is required by all the claims of the '225 Patent.

61. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '225 Patent.

62. Microsoft seeks a declaration that it does not infringe any claim of the '225 Patent.

## COUNT IX
## NONINFRINGEMENT OF U.S. PATENT NO. 7,792,923

63. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-62 as if set forth herein in their entirety.

64. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '923 Patent. For example, Microsoft's OneDrive does not contains a controller "wherein access to the disk is operatively controlled by the disk controller [and] no disk access command is required to be routed through a server," which is required by all the claims of the '923 Patent.

65. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '923 Patent.

66. Microsoft seeks a declaration that it does not infringe any claim of the '923 Patent.

**COUNT X**
**NONINFRINGEMENT OF U.S. PATENT NO. 7,849,153**

67. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-66 as if set forth herein in their entirety.

68. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '153 Patent. For example, Microsoft's OneDrive storage devices are not "controll[ed] in a way indistinguishable from the way" user device "physical host bus adapter device[s] control[] the same type of device so that" user devices recognize storage devices "as if [they are] a local device connected directly to the system bus" of the user device, which is required by all the claims of the '153 Patent.

69. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '153 Patent.

70. Microsoft seeks a declaration that it does not infringe any claim of the '153 Patent.

**COUNT XI**
**NONINFRINGEMENT OF U.S. PATENT NO. 7,457,880**

71. Microsoft re-alleges and incorporates the allegations of Paragraphs 1-70 as if set forth herein in their entirety.

72. Neither Microsoft nor its products, services or technology have infringed, directly or indirectly, any claim of the '7880 Patent. For example, Microsoft's OneDrive does not have "a plurality of hosts coupled at a device level to [a] data storage device."

73. A substantial, definite, concrete and immediate justiciable controversy exists between Microsoft and SynKloud with respect to whether Microsoft infringes any claim of the '7880 Patent.

74. Microsoft seeks a declaration that it does not infringe any claim of the '7880 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for an Order and entry of Judgment against SynKloud as follows:

    A.    Declaring that Microsoft does not infringe, directly or indirectly, the '526 Patent;

    B.    Declaring that Microsoft does not infringe, directly or indirectly, the '254 Patent;

    C.    Declaring that Microsoft does not infringe, directly or indirectly, the '6880 Patent;

    D.    Declaring that Microsoft does not infringe, directly or indirectly, the '195 Patent;

    E.    Declaring that Microsoft does not infringe, directly or indirectly, the '690 Patent;

    F.    Declaring that Microsoft does not infringe, directly or indirectly, the '780 Patent;

G. Declaring that Microsoft does not infringe, directly or indirectly, the '686 Patent;

H. Declaring that Microsoft does not infringe, directly or indirectly, the '225 Patent;

I. Declaring that Microsoft does not infringe, directly or indirectly, the '923 Patent;

J. Declaring that Microsoft does not infringe, directly or indirectly, the '153 Patent;

K. Declaring that Microsoft does not infringe, directly or indirectly, the '7880 Patent;

L. Declaring the case exceptional under 35 U.S.C. § 285 and awarding Microsoft its reasonable attorneys' fees in this action;

M. Awarding Microsoft its costs and expenses in this action; and

N. Granting such other and further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Microsoft, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

RLF1 22674304v.2

| | |
|---|---|
| OF COUNSEL:<br><br>Richard A. Cederoth<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br><br>Ching-Lee Fukuda<br>Ketan V. Patel<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839-5300<br><br>Dated: January 3, 2020 | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Travis S. Hunter (#5350)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff Microsoft Corporation* |