## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 20-0007-RGA |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| SYNKLOUD TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |

### MICROSOFT CORPORATION'S ANSWER TO COUNTERCLAIMS OF SYNKLOUD TECHNOLOGIES, LLC

Plaintiff and Counterclaim Defendant Microsoft Corporation ("Microsoft") respectfully responds to SynKloud Technologies, LLC's Answer and Counterclaims to Microsoft Corporation's Complaint for Declaratory Judgment (D.I. 1) as follows:

### SYNKLOUD'S COUNTERCLAIMS

1. This paragraph contains statements to which no response is required. To the extent any response is required, Microsoft admits that SynKloud Technologies, LLC ("SynKloud") purports to bring an action for patent infringement under the patent laws of the United States. Microsoft denies that there is any factual or legal basis for SynKloud's claims.

2. Microsoft admits that this action purports to assert direct and indirect infringement of United States Patents Nos. 9,098,526 ("the '526 Patent"), 10,015,254 ("the '254 Patent"), and 7,870,225 ("the '225 Patent"), (collectively, "the Patents-in-Suit") against Microsoft. Microsoft denies that there is any factual or legal basis for SynKloud's claims.

### PARTIES

3. Microsoft admits that SynKloud is a Delaware Limited Liability Company with its principal place of business at 124 Broadkill Road, Suite 415, Milton, DE 19968.

4. Microsoft admits that it is a Washington state corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

## JURISDICTION AND VENUE

5. Microsoft currently lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies those allegations.

6. Microsoft admits that the Court has personal jurisdiction over Microsoft for the purposes of this action because Microsoft initiated litigation in this judicial District in connection with this dispute. Microsoft denies the remainder of SynKloud's allegations.

7. For purposes of this action, Microsoft admits that venue in this District is proper. For purposes of this action, Microsoft also admits that it has done business in this District. Microsoft denies the remainder of SynKloud's allegations.

## PATENT OWNERSHIP AND EXCLUSIVE RIGHT TO SUE

8. Microsoft currently lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies those allegations.

## ACCUSED PRODUCTS AND/OR SERVICES

9. Microsoft admits that its offers for sale storage services through its OneDrive service and offers for sale or offered for sale certain wireless devices using the retail names Surface and Lumia (collectively, the "Accused Products and/or Services"). Microsoft denies the remainder of SynKloud's allegations.

## ACTUAL NOTICE AND KNOWLEDGE OF THE PATENTS-IN-SUIT

10. Microsoft admits that on October 26, 2015, it received a letter from a law firm purporting to represent STT WebOS, Inc. and offering to license or sell four patents including the '526 Patent. Microsoft denies the remainder of SynKloud's allegations.

11. Microsoft admits that on October 26, 2015, it received a letter from a law firm purporting to represent STT WebOS, Inc. and offering to license or sell four patents including the '526 Patent. Microsoft also admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '526 and '254 patents on or about July 22, 2019 when SynKloud filed its Complaint for Patent Infringement against HP Inc. ("HP"). *SynKloud I*, D.I. 1. Microsoft further admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '225 Patent on or about November 12, 2019 when SynKloud filed its Amended Complaint for Patent Infringement against HP. Microsoft denies the remainder of SynKloud's allegations.

12. Microsoft admits that on October 26, 2015, it received a letter from a law firm purporting to represent STT WebOS, Inc. and offering to license or sell four patents including the '526 Patent. Microsoft also admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '526 and '254 patents on or about July 22, 2019 when SynKloud filed its Complaint for Patent Infringement against HP Inc. ("HP"). *SynKloud I*, D.I. 1. Microsoft further admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '225 Patent on November 12, 2019 when SynKloud filed its Amended Complaint for Patent Infringement against HP. Microsoft denies the remainder of SynKloud's allegations.

13. Microsoft admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '526 and '254 patents on or about July 22, 2019 when SynKloud filed its Complaint for Patent Infringement against HP. *SynKloud I*, D.I. 1. Microsoft further admits that it became aware of SynKloud's allegations against Microsoft's OneDrive

service as to the '225 Patent on November 12, 2019 when SynKloud filed its Amended Complaint for Patent Infringement against HP.  Microsoft denies the remainder of SynKloud's allegations.

14. Microsoft admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '526 and '254 patents on or about July 22, 2019 when SynKloud filed its Complaint for Patent Infringement against HP.  *SynKloud I*, D.I. 1.  Microsoft further admits that it became aware of SynKloud's allegations against Microsoft's OneDrive service as to the '225 Patent on November 12, 2019 when SynKloud filed its Amended Complaint for Patent Infringement against HP.  Microsoft denies the remainder of SynKloud's allegations.

**FIRST COUNTERCLAIM (NON-INFRINGEMENT OF U.S. PATENT NO. 9,098,526)**

15. Microsoft incorporates and re-alleges every allegation set forth above, as though fully set forth herein.

16. Microsoft admits that the '526 Patent is titled "System and Method for Wireless Device Access to External Storage" and identifies August 4, 2015 as the patent issue date.  Microsoft admits that Exhibit 1-A appears to be a copy of the '526 Patent.  Microsoft denies that the '526 Patent was duly and legally issued and denies any remaining allegations in this paragraph.

17. Denied.  In addition, on September 29, 2020, the Court found that the '526 Patent "claim[s] the abstract idea of storing and retrieving data from a remote location, implemented on conventional, well-known hardware, adding no inventive concept.  *SynKloud I*, D.I. 31 at 22.  As a result, the Court dismissed SynKloud's claims of direct and indirect infringement against Microsoft's OneDrive service with respect to the '526 Patent.  *SynKloud I*, D.I. 31.

18. *See* paragraph 17. To the extent any response is required, Microsoft denies the allegations in this paragraph and in Exhibit 1-B.

19. Denied. *See also* paragraph 17.

20. Denied. *See also* paragraph 17.

21. Denied. *See also* paragraph 17.

22. Denied. *See also* paragraph 17.

23. Denied. *See also* paragraph 17.

24. Denied. *See also* paragraph 17.

25. Denied. *See also* paragraph 17.

## SECOND COUNTERCLAIM (NON-INFRINGEMENT OF U.S. PATENT NO. 10,015,254)

26. Microsoft incorporates and re-alleges every allegation set forth above, as though fully set forth herein.

27. Microsoft admits that the '254 Patent is titled "Method and System for Wireless Device Access to External Storage" and identifies August 3, 2018 as the patent issue date. Microsoft admits that Exhibit 2-A appears to be a copy of the '254 Patent. Microsoft denies that the '254 Patent was duly and legally issued and denies any remaining allegations in this paragraph.

28. Denied. In addition, on September 29, 2020, the Court found that the '254 patent "claim[s] the abstract idea of storing and retrieving data from a remote location, implemented on conventional, well-known hardware, adding no inventive concept. *SynKloud I*, D.I. 31 at 22. As a result, the Court dismissed SynKloud's claims of direct and indirect

infringement against Microsoft's OneDrive service with respect to the '254 Patent. *SynKloud I*, D.I. 31.

29. *See* paragraph 28. To the extent any response is required, Microsoft denies the allegations in this paragraph and in Exhibit 2-B.

30. Denied. *See also* paragraph 28.

31. Denied. *See also* paragraph 28.

32. Denied. *See also* paragraph 28.

33. Denied. *See also* paragraph 28.

34. Denied. *See also* paragraph 28.

35. Denied. *See also* paragraph 28.

36. Denied. *See also* paragraph 28.

**THIRD COUNTERCLAIM (NON-INFRINGEMENT OF U.S. PATENT NO. 7,870,225)**

37. Microsoft incorporates and re-alleges every allegation set forth above, as though fully set forth herein.

38. Microsoft admits that the '225 Patent is titled "Disk System Adapted to be Directly Attached to Network" and identifies January 11, 2011 as the patent issue date. Microsoft admits that Exhibit 3-A appears to be a copy of the '225 Patent. Microsoft denies that the '225 Patent was duly and legally issued and denies any remaining allegations in this paragraph.

39. Denied.

40. Denied. The allegations in Exhibit 3-B are also denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Microsoft also denies any other allegations that are not expressly admitted herein.

## ANSWER TO SYNKLOUD'S PRAYER FOR RELIEF

Microsoft denies that SynKloud is entitled to any of the relief requested.

\* \* \*

## MICROSOFT'S AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, Microsoft asserts the following defenses.

### FIRST AFFIRMATIVE DEFNSE
### (Failure to State a Claim)

1. SynKloud's Counterclaims fail to state a claim upon which relief can be granted, for any of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFNSE
### (Non-Infringement)

2. Microsoft has not directly infringed, and is not directly infringing, any valid and enforceable claims of the Patents-in-Suit either literally or under the doctrine of equivalents. Microsoft has not induced or contributed to, and is not inducing or contributing to, infringement of any valid and enforceable claims of the Patents-in-Suit either literally or under the doctrine of equivalents. Microsoft has not engaged in, and is not engaging in, export infringement under either 35 U.S.C. §§ 271(f)(1) or (2) of any valid and enforceable claims of the Patents-in-Suit either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFNSE
### (Invalidity)

3. The claims of the Patents-in-Suit are invalid under the provisions of 35 U.S.C. §§ 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFNSE
### (Limitation on Damages)

4. SynKloud's claims for damages are statutory limited by 35 U.S.C. § 286 and/or § 287.

### FIFTH AFFIRMATIVE DEFNSE
### (Limitation on Costs)

5. To the extent any claim of the Patents-in-Suit is invalid, SynKloud is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SIXTH AFFIRMATIVE DEFNSE
### (License)

6. SynKloud's allegations of infringement of at least the '526 and '254 patents are barred in whole or in part by the defense of license (either express or implied).

### SEVENTH AFFIRMATIVE DEFNSE
### (Lack of Standing)

7. SynKloud lacks standing to assert at least the '526 and '254 patents due to prior assignment.

### EIGHTH AFFIRMATIVE DEFNSE
### (No Willful Infringement)

8. Microsoft has not willfully infringed, and is not willfully infringing, any valid and enforceable claims of the Patents-in-Suit. SynKloud is not entitled to seek enhanced damages or attorneys' fees for willful infringement.

### NINTH AFFIRMATIVE DEFNSE
### (Res Judicata and Collateral Estoppel)

9. SynKloud's claims are barred by the doctrines of *res judicata*, collateral estoppel, claim and/or issue preclusion on the basis that SynKloud's claims as to the '526 and '254 patents were adjudicated in *SynKloud I*.

### TENTH AFFIRMATIVE DEFNSE
### (Estoppel, Acquiescence, Waiver, and Unclean Hands)

10. SynKloud's claims are barred, in whole or in part, under principles of equity, including estoppel, acquiescence, waiver, and/or unclean hands.

### ELEVENTH AFFIRMATIVE DEFNSE
### (Prosecution History Estoppel)

11. SynKloud's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel.

### TWELFTH AFFIRMATIVE DEFNSE
### (Government Sales Exception)

12. SynKloud's claims are barred, in whole or in part, to the extent SynKloud accuses products or services that are provided by or for the United States of America, pursuant to 28 U.S.C. § 1498(a).

### THIRTEENTH AFFIRMATIVE DEFNSE
### (Reservation of Affirmative Defenses)

13. Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft prays for an Order and entry of Judgment against SynKloud as follows:

A.  The entry of judgment that Microsoft has not infringed, induced infringement, contributed to infringement, and/or engaged in export infringement of any valid claim of the Patents-in-Suit;

B.  The entry of judgment finding that each of the Patents-in-Suit is invalid and unenforceable under applicable law;

C.  The entry of judgment that SynKloud recovers nothing on its Counterclaims;

D.  The entry of judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Microsoft its attorneys' fees in this case;

E.  The entry of judgement in favor of Microsoft and against SynKloud that interest, cost, and expenses be awarded to Microsoft; and

F.  Any other and further relief as the Court deems proper and just.

| | |
|---|---|
| | */s/ Kelly E. Farnan* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| | Farnan@rlf.com |
| Richard A. Cederoth | Travis S. Hunter (#5350) |
| SIDLEY AUSTIN LLP | Hunter@rlf.com |
| One South Dearborn | RICHARDS, LAYTON & FINGER, P.A. |
| Chicago, IL  60603 | One Rodney Square |
| (312) 853-7000 | 920 N. King Street |
| | Wilmington, DE 19801 |
| Ching-Lee Fukuda | (302) 651-7700 |
| Ketan V. Patel | |
| SIDLEY AUSTIN LLP | *Counsel for Plaintiff and Counterclaim* |
| 787 Seventh Avenue | *Defendant Microsoft Corporation* |
| New York, NY 10019 | |
| (212) 839-5300 | |

Dated:  October 13, 2020