# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SYNKLOUD TECHNOLOGIES, LLC,<br><br>　　　　Defendant. | C.A. No: 1:20-cv-00007-RGA |

**DEFENDANT SYNKLOUD TECHNOLOGIES, LLC'S OPENING BRIEF IN SUPPORT OF IT'S MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS BY REFERENCE TO AN ORDER IN ANOTHER ACTION AND IN THE ALTERNATIVE REQUEST TO <u>CERTIFY FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL</u>**

Dated: October 23, 2020

OF COUNSEL:

Deepali Brahmbhatt
One LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081
dbrahmbhatt@onellp.com

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile:  (310) 943-2085
jlord@onellp.com

KLEHR HARRISON
HARVEY BRANZBURG LLP

David S. Eagle (#3387)
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
Facsimile: (302) 426-9193
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Defendant and
Counterclaim Plaintiff,
SynKloud Technologies, LLC*

PHIL1 9179106v.3

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 2 |
| II. | SUMMARY OF ARGUMENT | 3 |
| III. | STATEMENT OF FACTS | 3 |
| IV. | LEGAL STANDARD | 4 |
| V. | THIS COURT SHOULD GRANT SYNKLOUD'S MOTION TO STRIKE MICROSOFT'S ANSWER REFERENCING A COURT ORDER IN ANOTHER ACTION | 5 |
| VI. | IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL AND STAY THE PROCEEDINGS | 7 |
| | A. The Order Involves a Controlling Question of Law | 7 |
| | B. There is Substantial Ground for Difference of Opinion | 8 |
| | C. Reversal by the Federal Circuit Would Advance the Termination of this Litigation and Also Related Litigations | 9 |
| VII. | STAY IS APPROPRIATE PENDING APPEAL | 9 |
| VIII. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alice Corp. Pty. v. CLS Bank International*,
    134 S. Ct. 2347 (2014) .................................................................................................... 1, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................ 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 6

*Chase Manhattan Bank v. Iridium Africa Corp.*,
    324 F. Supp. 2d 540 (D. Del. 2004) ................................................................................ 5, 7

*Feit Electric Company v. Beacon Point Capital, LLC*,
    1:13-cv-09339 (N.D. Ill. Dec. 20, 2019) ............................................................................. 5

*Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*,
    722 F. Supp. 2d 496 (D. Del. 2010) .................................................................................... 4

*Foster v. Hallco Mfg. Co.*,
    947 F.2d 469 (Fed. Cir. 1991) ............................................................................................. 5

*Free Speech Coal., Inc. v. Attorney Gen. of U.S.*,
    677 F.3d 519 (3d Cir. 2012) ................................................................................................ 4

*Fujitsu Ltd. v. Tellabs, Inc.*,
    539 F. App'x 1005 (Fed. Cir. 2013) .................................................................................... 7

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
    458 F.3d 244 (3d Cir. 2006) ................................................................................................ 6

*In re MSTG, Inc.*,
    675 F.3d 1337 (Fed. Cir. 2012) ........................................................................................... 9

*OIP Techs., Inc. v. Amazon.com, Inc.*,
    788 F.3d 1359 (Fed. Cir. 2015) ........................................................................................... 7

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010) ................................................................................................ 5

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,
    630 F. Supp. 2d 395 (D. Del. 2009) ................................................................................4

*SynKloud Techs., LLC v. Adobe Inc.*,
    No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division) ...................................................1

*SynKloud Techs., LLC v. Dropbox, Inc.*,
    No. 6:19-cv-00526-ADA (W.D. Tex., Waco Division) ...............................................1, 4

*The Penn Mut. Life Ins. Co. v. Norma Espinosa*
    *2007-1 Ins. Tr.*, No. 09-300-LPS, 2011 WL 710970 (D. Del Feb. 22, 2011) ....................6

*Youtoo Techs. LLC v. Twitter Inc*,
    No. 3:16-cv-00764-N, 2016 WL 7118922 (N.D. Tex. Nov. 10, 2016) ............................5

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................... *passim*

35 U.S.C. § 101 ..................................................................................................1, 2, 7, 8

U.S. Code § 282(a) ............................................................................................................6

**Other Authorities**

Fed. R. App. P. 5(a)(3) ......................................................................................................1

Fed. R. Civ. P. 12 ...................................................................................................2, 3, 4, 6

Microsoft filed this Declaratory Judgment action against SynKloud Technologies, LLC ("SynKloud").  (D.I. 1.)  The Court dismissed eight out of the eleven patents-in-suit for lack of jurisdiction.  (D.I. 32)  Client-side claims of two of the three remaining patents-in-suit were dismissed in HP action under 35 U.S.C. § 101.  (Civ. No. 19-1360-RGA ("HP-action") D.I. 31-32 ("HP Order")).  This Microsoft action also has the same two of the dismissed patents-in-suit.  While such a dismissal at an early motion to dismiss stage with prejudice is a pure legal decision, such a dismissal does not automatically apply to this action.

To the extent the Court applies the HP Order in this action, for the purposes of streamlining issues for trial and appeal in both the actions, SynKloud respectfully requests that the Court simultaneously also certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3) and stay both the proceedings pending appeal.  Certification is warranted here because SynKloud presents a purely legal question, namely, whether all of the claims of the three patents-in-suit claim patent-eligible subject matter under 35 U.S.C. § 101 as interpreted by the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank International*, 134 S. Ct. 2347 (2014), and the Federal Circuit's subsequent interpretations of that decision.  Allowing this difficult issue to be resolved now, prior to the start of discovery in this matter, may save the parties and the Court needless expenditure of time, effort, and money, making this an appropriate situation in which to certify an interlocutory appeal.

Allowing SynKloud to appeal this decision earlier promotes efficiency not only in these actions but also related actions.  The appeal will streamline issues in the HP-action.  SynKloud has asserted the '254 Patent and other related patents from the same family against Adobe and Dropbox.  *See SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00526-ADA and *SynKloud Techs., LLC v. Adobe Inc.*, No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division) (asserting the

'254 Patent and 5 other related patents from the same family). This Court's Order holding under 35 U.S.C. § 101 of invalidity for ineligible subject matter has broader ramifications that have cast an uncertainty over other related actions. Earlier resolution through appeal will help streamline all of the related actions.

I.   **NATURE AND STAGE OF THE PROCEEDINGS**

On July 22, 2019, SynKloud filed a Complaint alleging infringement of "at least claim 1" of the '526 and '254 Patents while reserving its right to assert additional claims. (HP-action D.I. 1.) In response, HP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming that the patents-in-suit are patent-ineligible under §101. SynKloud filed an Amended Complaint on November 12, 2019, which includes the original '526 and '254 allegations, and further asserting claim 1 of the '225 Patent and claim 1 of the '590 Patent. (HP-action D.I. 15.) HP responded with motion to dismiss all of the patents-in-suit under ineligible subject-matter 35 U.S.C. 101. SynKloud opposed the motion highlighting significant claim construction disputes that need to be resolved. On September 29, 2020, the Court dismissed three out of the four patents-in-suit. (HP-action, D.I. 31-32).

On October 7, 2020, within ten days of the order, SynKloud notified HP of its request to file interlocutory appeal and whether HP would oppose such a motion. On October 8, 2020, HP responded that it would oppose such a motion as piecemeal litigation. The Court Order dismissed only partial claims related to one set of the client-side claims, the surviving claims continue to be at issue in this action including the server-side claims. (*Id.*)

For the purposes of streamlining issues at trial, on October 13, 2020, SynKloud proposed staying both the related actions HP and Microsoft with its request to certify and a meet and confer call. On October 15, 2020, SynKloud followed up on the meet and confer request. HP and

Microsoft's counsel that they needed time to discuss with clients and were not available to meet and confer before October 23, 2020.  A meet and confer teleconference was held on October 23, 2020 and SynKloud subsequently filed this motion.  The Court has not held its initial Rule 16(b) scheduling conference yet.  Discovery has not begun.

## II.    SUMMARY OF ARGUMENT

The Court should strike the allegations and references in Microsoft's answer to the HP Order because of the procedurally improper attempt to assert a legal conclusion to dismiss all the claims of the '526 and the '254 Patents including the surviving claims.  Fed. R. Civ. P. 12(f).

To the extent the Court adopts the Order from the HP-action, the Court should certify the request for interlocutory appeal because a final resolution of this issue through appeal will help streamline issues for trial in all the four related actions.

## III.   STATEMENT OF FACTS

SynKloud is an intellectual property licensing limited liability company organized under the laws of the State of Delaware with its principal place of business at 124 Broadkill Road, Suite 415, Milton, DE 19968.  SynKloud acquired two of the Patents-in-Suit (*i.e.*, the '526 and the '254 Patents) in December of 2018 directly from STTWebOS, founded by Ted Tsao, who is the sole inventor of the technology at issue.  The claims of the '225 Patent originate from a different company, Ximeta and cover different aspects of preserving data integrity for a network-based storage resource using efficient operating system implementations.  Both sets of patents are asserted against the same accused products.

Microsoft filed this current action against SynKloud on January 3, 2020 asserting noninfringement of eleven patents for all of its products, services and technologies including those

of Microsoft's OEMs.  The Court dismissed 8 out of the eleven patents for lack of jurisdiction. (D.I. 32.)  Microsoft has asserted that HP is its OEM.  (D.I. 24 at 9.)

SynKloud also has ongoing litigations on the server-side claims against Adobe and Dropbox.  *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00526-ADA (W.D. Tex., Waco Division) and SynKloud Techs., LLC v. Adobe Inc., No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division) (both actions asserting the '254 Patent server-side claims and 5 other related patents from the same family).  While the infringement issues are different, any invalidity of server-side claims would apply to all the related actions.

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks omitted).

While generally disfavored under Rule 12(f), motions to strike are granted when "'the presence of surplusage will prejudice the adverse party.'" *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010) (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).  An interlocutory ruling that is not appealable cannot constitute a final judgment for collateral estoppel or issue preclusion.  *Free Speech Coal., Inc. v. Attorney Gen. of U.S.*, 677 F.3d 519, 541 (3d Cir. 2012) (holding that partial judgments that are not appealable are not final for collateral estoppel or issue preclusion.)

In the alternative, SynKloud seeks interlocutory appeal.  Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it finds "[1] that such order

involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004).

Courts have *sua sponte* certified early dismissal of patents, especially dismissal of some and not all patents asserted, on 101 grounds for interlocutory appeal. *See Youtoo Techs. LLC v. Twitter Inc,* No. 3:16-CV-00764-N, 2016 WL 7118922, at *2 (N.D. Tex. Nov. 10, 2016); *see also Feit Electric Company v. Beacon Point Capital, LLC*, 1:13-CV-09339, at *5 (N. D. Ill. Dec. 20, 2019) (certifying interlocutory appeal when the issue relates to whether a patent is enforceable at all).

This request to certify for interlocutory appeal is timely as it is filed simultaneously to motion seeking a Court Order in this action. SynKloud acted within 10 days of the Court's order and notified Counsel in HP-action regarding its intent to seek interlocutory appeal. Any additional days were used to meet and confer with HP and Microsoft's counsel to consolidate issues in the HP-action Order in both the actions and avoid unneeded motion practice and avoid piecemeal litigation. The Federal Circuit has jurisdiction to hear related appeal filed within 10 days of this Court's certification for interlocutory appeal. 28 U.S.C. § 1292(b).

V. **THIS COURT SHOULD GRANT SYNKLOUD'S MOTION TO STRIKE MICROSOFT'S ANSWER REFERENCING A COURT ORDER IN ANOTHER ACTION**

In paragraphs 17 and 28 of Microsoft's Answer, Microsoft alleges a legal conclusion through a Court Order in the HP-action. (D.I. 35 ¶¶ 17, 28.) Such a reference is procedurally improper. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) ("we disregard

legal conclusions"). As such, the Court should strike paragraphs 17 and 28 from Microsoft's Answer.

First, Microsoft alleges a legal conclusion that the Court Order in the HP-action automatically applies for the claims addressed in the HP-action. *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479 (Fed. Cir. 1991) (invalidity is a defense and not a claim in itself and cannot be used as a dismissal of claim count for infringement.) Such an assertion of legal conclusion that attempts to dismiss the claim count without seeking an order from the Court is improper. Fed. R. Civ. P. 12; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *The Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Tr.*, No. C.A. 09-300-LPS, 2011 WL 710970, at *4 (D. Del Feb. 22, 2011) (citing *Mclnerney v. Mayer Lumber &Hardware, Inc.,* 244 F. Supp. 2d 393,402 (E.D. Pa. 2002)). Microsoft has not moved for invalidity under ineligible subject matter in this action. Microsoft has also not moved to apply collateral estoppel or issue preclusion. Microsoft has simply not presented the Court in this action with these issues and as such cannot make legal conclusions in its answer.

To the extent this Court wants to adopt the invalidity opinion from the HP-action, the issue of invalidity in the HP-action is subject to Federal Circuit appeal once it becomes a final and valid judgment. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

Microsoft further seeks to expand the Court Order to apply to all of the surviving claims. 35 U.S. Code § 282(a) ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims.") For example, the server claims at issue here were not addressed in the Order in the HP-action. The

surviving claims are: (i) claims 11 to 20 of the '526 Patent are non-transitory computer-readable medium counterpart claims of claims 1 to 10; (ii) claims 9 to 15 of the '254 Patent are server-side claims for the client-side counterparts of claims 1 to 8; and (iii) claims 16 to 20 of the '254 Patent are method claims for the wireless device claims 1, 2, 4, 6 and 7 respectively.

Given the procedurally improper method employed here, the Court should strike paragraphs 17 and 28 referencing the Court Order from the HP-action.

## VI. IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL AND STAY THE PROCEEDINGS

Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it finds "[1] that such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004).

### A. The Order Involves a Controlling Question of Law

The first requirement for certification is that the Court's Order to be appealed involve a controlling question of law. 28 U.S.C. § 1292(b). "In general, a question of law is 'controlling' within the meaning of Section 1292(b) only if [the] resolution of that issue could have an immediate impact on the course of the litigation." *Fujitsu Ltd. v. Tellabs, Inc.,* 539 F. App'x 1005, 1007 (Fed. Cir. 2013). The Court's Order from the HP-action involves a controlling question of law regarding whether three out of the four patents-in-suit patents cover patentable inventions as opposed to unpatenable abstract ideas under *Alice* and its progeny. *Alice*, 134 S. Ct. at 2355. The validity of a patent claim under 35 U.S.C. § 101 is a question of law, *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015), and the resolution of that question would dictate whether this litigation proceeds or ceases altogether.

For the '526 and the '254 Patents, the Court in the HP-action held as a matter of law that claim the abstract idea of storing and retrieving data from a remote location, implemented on conventional, well-known hardware, adding no inventive concept. (HP-action D.I. 31 at 22.) Accordingly, the Court's Order in the HP-action and any potential application in this action involves a controlling question of law and satisfies the first requirement for certification under 28 U.S.C. § 1292(b).

Here, the question is controlling because a reversal will save time and expense for this Court as well as Courts in the related actions. Every aspect of this action going forward, from discovery to damages, turns on this controlling question of law. The parties will dispute and this Court will be forced to determine the proper scope of any products that can now be the subject of a potential infringement claim and corresponding damages calculations that would apply only to the surviving claims.

### B.   There is Substantial Ground for Difference of Opinion

The Court's Opinion in the HP-action applied the two-step test set out by the Supreme Court in Alice for determining whether a claim is patent-eligible under § 101. Specifically, the Court concluded that both the '526 and '254 patents merely claimed storage and retrieval and did not use cache and cache storage in non-intuitive method to download and access file on to a remote server. (HP-action D.I. 31 at 14-15.) The Court's conclusion contradicts the USPTO decision and the file history that allowed issuance over prior art for both the Patents post-*Alice*.

The Court dismisses explicit claim language operation among three devices, "a wireless device", "a storage server" and "a remote server" listing the three devices stating that SynKloud's argument is not supported by the claims. (HP-action D.I. 31 at 12.) The Court's opinion acknowledges, with a better explanation, the Court would come to a substantial ground for

difference of opinion on the issue of what constitutes patent-eligible subject matter. (*Id.*) The Court's conclusion at this early motion to dismiss stage further demonstrates that there is substantial ground for difference of opinion. Accordingly, because there is substantial ground for a difference of opinion regarding the question of law addressed in the order at issue, the second requirement for certification under 28 U.S.C. § 1292(b) is satisfied.

        **C.**      **Reversal by the Federal Circuit Would Advance the Termination of This Litigation and Also Related Litigations**

Appeal at this juncture is both proper and pragmatic because the identical issue permeates the four related actions. Interlocutory review of the Court's Order could prevent months, or years, of burdensome discovery and litigation. Without interlocutory review, the parties—which have not yet begun discovery—would be required to litigate a full case from start to finish (i.e., conduct discovery, brief claim construction and summary judgment, and potentially try the case to a jury) before having the opportunity to raise with the Federal Circuit whether the asserted patents are valid on their face.

Conclusively resolving the issue of whether the patents at issue cover patentable subject matter prior to litigating other forms of invalidity and infringement could conserve the parties' and the Court's resources, and at the very least will provide an element of certainty should the case progress. Accordingly, interlocutory appeal of the Order at issue could materially advance the termination of this litigation, satisfying the third requirement for certification under 28 U.S.C. § 1292(b).

**VII.**    **STAY IS APPROPRIATE PENDING APPEAL**

The Federal Circuit has upheld a district court order staying proceedings when petition is under appellate review. *See In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012). A stay here will help streamline discovery and avoid litigation on duplicate issues related to the same accused

products. The same accused products are at issue for both the dismissed and the surviving patents and claims.

## VIII. CONCLUSION

For the foregoing reasons, SynKloud respectfully requests that the Court strike Microsoft's procedurally improper answer alleging legal conclusions through the Court's Order in the HP-action. In the alternative, the Court should grant certification of the order for interlocutory appeal under 28 U.S.C. § 1292(b) and stays all proceedings in the action pending appellate review.

Dated: October 23, 2020

OF COUNSEL:

Deepali Brahmbhatt (*Pro Hac Vice*)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870

John Lord (*Pro Hac Vice*)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157

KLEHR HARRISON
HARVEY BRANZBURG LLP

/s/ Sean M. Brennecke
David S. Eagle (#3387)
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
Facsimile: (302) 426-9193
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Defendant and Counterclaim Plaintiff, SynKloud Technologies, LLC*